1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                            EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  ALLEN HAMMLER, | CASE NO. 1:20-cv-0488 JLT (PC) |
| 12  Plaintiff, | **ORDER TO ASSIGN DISTRICT JUDGE** |
| 13  v. | **FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF LEAVE TO PROCEED IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915(g) AND THAT PLAINTIFF BE REQUIRED TO PAY FILING FEE IN FULL** |
| 14  RALPH DIAZ, et al., | |
| 15  Defendants. | |
| 16 | **(Docs. 1, 2)** |
| 17 | **FOURTEEN-DAY DEADLINE** |

18          Plaintiff has filed a complaint asserting constitutional claims against governmental

19   employees. (Doc. 1.) Plaintiff has not, however, submitted an application to proceed in forma

20   pauperis pursuant to 28 U.S.C. § 1915 or paid the $400.0 filing fee for this action. Instead, he moves

21   for leave to file a new case pursuant to 28 U.S.C. § 1915(g).[1] (Doc. 2.)

22   ///

_____

23   [1] Plaintiff also references a vexatious litigant pre-filing order issued in <u>Hammler v. Alvarez</u>, 3:18-cv-0326-AJB-WVG

24   (S.D. Cal. Aug. 13, 2019). Pursuant to the terms of that order, before plaintiff can initiate a civil rights action against a prison official, as he seeks to do here, he "must seek and obtain leave of the presiding judge of the appropriate Court, prior to filing any new actions, against any defendant, in any forum in the State of California...." <u>Id.</u> Under California

25   law, a vexatious litigant is a pro se litigant who "has lost at least five pro se lawsuits in the preceding seven years, sued the same defendants for the same wrongs after losing, repeatedly filed meritless papers or used frivolous tactical

26   devices, or who has already been declared a vexatious litigant for similar reasons." <u>Wolfe v. George</u>, 486 F.3d 1120,

27   1124-25 n.7 (9th Cir. 2007); Cal. Code Civ. Proc. §§ 391 <i>et seq.</i> Leave may be granted only if "it appears that the litigation has merit and has not been filed for the purposes of harassment or delay." Cal. Code Civ. Proc. § 391.7(b). The Court reserves consideration of plaintiff's claims pursuant to the pre-filing order until after he has paid the filing

28   fee in this action.

1

1    **I.      Three Strikes Provision of 28 U.S.C. § 1915(g)**

2          Proceedings in forma pauperis are governed by 28 U.S.C. § 1915. Section 1915(g) provides

3    that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on

4    3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal

5    in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or

6    fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger

7    of serious physical injury."

8          "This subdivision is commonly known as the 'three strikes' provision." Andrews v. King,

9    398 F.3d 1113, 1116 n.1 (9th Cir. 2005) ("Andrews"). "Pursuant to § 1915(g), a prisoner with three

10   strikes or more cannot proceed IFP [or in forma pauperis]." Id.; see also Andrews v. Cervantes, 493

11   F.3d 1047, 1052 (9th Cir. 2007) ("Cervantes") (under the PLRA, "[p]risoners who have repeatedly

12   brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]").

13   The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner

14   litigation in federal court." Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997).

15         "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were

16   dismissed on the ground that they were frivolous, malicious, or failed to state a claim," Andrews,

17   398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal

18   as a denial of the prisoner's application to file the action without prepayment of the full filing fee."

19   O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three

20   strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court

21   unless he can show he is facing "imminent danger of serious physical injury." See 28 U.S.C. §

22   1915(g); Cervantes, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which

23   "make[ ] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury'

24   at the time of filing").

25         While the PLRA does not require a prisoner to declare that § 1915(g) does not bar his

26   request to proceed IFP, Andrews, 398 F.3d at 1119, "[i]n some instances, the district court docket

27   records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under

28

§ 1915(g) and therefore counts as a strike." Id. at 1120. When applying 28 U.S.C. § 1915(g), however, the court must "conduct a careful evaluation of the order dismissing an action, and other relevant information," before determining that the action "was dismissed because it was frivolous, malicious or failed to state a claim," since "not all unsuccessful cases qualify as a strike under § 1915(g)." Id. at 1121.

The Ninth Circuit has held that "the phrase 'fails to state a claim on which relief may be granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure 12(b)(6).'" Id. (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). Andrews further holds that a case is "frivolous" for purposes of § 1915(g) "if it is of little weight or importance" or "ha[s] no basis in law or fact." 398 F.3d at 1121 (citations omitted); see also Neitzke v. Williams, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous [under 28 U.S.C. § 1915] where it lacks an arguable basis in either law or in fact....[The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). "A case is malicious if it was filed with the intention or desire to harm another." Andrews, 398 F.3d at 1121 (quotation and citation omitted).

## II.   Discussion

### A.   Three Strikes

A review of the actions filed by plaintiff reveals that plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless plaintiff was, at the time the complaint was filed, under imminent danger of serious physical injury. Court records reflect that on at least three prior occasions plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. The strikes described in these cases all occurred prior to the filing of the present action.

- Hammler v. Kernan, Civil Case No. 3:18-cv-01170-DMS-NLS (S.D. Cal. Dec. 10, 2018 Order of dismissal for failure to state a claim and as frivolous) (strike one);

- Hammler v. Hough, Civil Case No. 3:18-cv-01319-LAB-BLM (S.D. Cal. May 24, 2019

Order of dismissal as frivolous and for failure to state a claim) (strike two); and

- <u>Hammler v. Hudson</u>, Civil Case No. 2:16-cv-1153-JAM-EFB-P (E.D. Cal. May 17, 2019 Order of dismissal for failure to exhaust administrative remedies) (strike three).[2]

### B. Imminent Danger Exception

The Court has reviewed plaintiff's complaint in this action and finds that it does not meet the imminent danger exception. <u>See</u> <u>Cervantes</u>, 493 F.3d at 1053. Plaintiff alleges that since his arrival at California State Prison in Corcoran, California in June 2019, plaintiff has been "unable to maintain his personal hygiene and precluded from practicing health habits." Plaintiff contends that defendants violate institutional guidelines by refusing to provide him with "clean and sanitary hair/facial trimmers clippers." Instead, plaintiff is only allowed to use a set of hair clippers once a month; this set is used by other inmates and is typically dirty.

Plaintiff also claims that his right to practice his religion is impinged by the defendants' refusal to provide him with use of clean hair clippers "for grooming of the body." Though officials offer razors, plaintiff states, without elaboration, that he is unable to use them. Plaintiff had requested permission to purchase his own set of clippers from an approved vendor, but this request was denied. Plaintiff next contends that defendants refuse to provide weekly clean laundry. Though dirty clothes and bed sheets are exchanged weekly, plaintiff alleges that they are not returned clean. Lastly, plaintiff claims that officials are not providing extra rations of soap and cleaning supplies in the midst of the pandemic.

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. <u>Bradford v. Kraus</u>, No. 2:19-cv-1753 DB, 2020 WL 738554, at *2 (E.D. Cal. Jan. 23, 2020), report and recommendation adopted, No. 2:19-cv-1753-KJM-DB, 2020 WL 731114 (E.D. Cal. Feb. 13, 2020) (citing <u>Cervantes</u>, 493 F.3d at 1053). Plaintiff's allegations that he has not been provided a set of hair clippers for personal use or that his laundry is returned unclean does not satisfy the imminent danger exception. Neither does his vague allegation that he has not received extra rations of soap or

---

[2] <u>See</u> <u>El-Shaddai v. Zamora</u>, No. 13-56104, 2016 WL 4254980 (9th Cir. Aug. 12, 2016) (a case counts as a strike under § 1915(g) if failure to exhaust is evident on the face of complaint).

4

cleaning supplies. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. Speculation that plaintiff may experience serious side effects at a later time is insufficient. The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ...is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998).

Plaintiff has not provided "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Bradford, 2020 WL 738554, at *2 (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). His allegations therefore fail to meet the imminent danger exception. Because plaintiff fails to demonstrate that he meets the imminent danger exception to the three-strikes bar, this court will recommend that plaintiff be required to pay the $400.00 filing fee for this case if he wishes to proceed with this case.

**III.     Conclusion**

Accordingly, the Court **DIRECTS** the Clerk of Court to assign a district judge to this case;

The Court **RECOMMENDS** that:

1.  Pursuant to 28 U.S.C. § 1915(g), plaintiff be denied leave to proceed in this action in forma pauperis under 28 U.S.C. § 1915(g); and

2.  Plaintiff be required to pay the $400.00 filing fee in full within thirty days.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///

///

///

Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 9, 2020**                    **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE